{¶ 64} Appellants, the Ashtabula Area City School Board of Education and Dr. William Licate, sought summary judgment on appellee, Timothy Fleming's, claims of Defamation and Intentional Infliction of Emotional Distress on the grounds of political subdivision immunity. The School Board and Dr. Licate are entitled to judgment as a matter of law. Accordingly, I dissent.
 {¶ 65} Fleming relies upon R.C. 2744.09(B) in support of his position that the appellants are not entitled to immunity under R.C. Chapter 2744. "This chapter does not apply to * * * [c]ivil actions by an employee * * * against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision * * *." R.C. 2744.09(B).
 {¶ 66} The Ohio Supreme Court has held that, although "[a] cause of action brought by an employee alleging intentional tort by the employer in the workplace * * * contemplates redress of tortious conduct that occurs during the course of employment, an intentional tort alleged in this context necessarily occurs outside the employment relationship."Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624, paragraph one of the syllabus. "Consequently, Ohio appellate courts have held that R.C.2744.09 has no application to intentional tort claims." Sabulsky v.Trumbull Cty., 11th Dist. No. 2001-T-0084, 2002-Ohio-7275, at ¶ 18, and the cases cited therein;[1] Coolidge v. Riegle, 3rd *Page 17 
Dist. No. 5-02-59, 2004-Ohio-347, at ¶ 31 ("[although, the Ohio Supreme Court has struck down statutory immunity for employer intentional torts committed by private entities resulting in workplace injuries, the Supreme Court has never done so with respect to the statutory immunity granted to political subdivisions performing governmental functions").
 {¶ 67} Defamation and Intentional Infliction of Emotional Distress are intentional torts. Accordingly, the abrogation of immunity provided for in R.C. 2744.09 does not apply.
 {¶ 68} The majority relies upon Dr. Licate's "admission" that, "[a]t all times relevant, [he] was acting within the course and scope of his employment." The Ohio Supreme Court, however, expressly contemplated "tortious conduct that occurs during the course of employment" when it held that intentional torts occur outside the employment relationship.Brady, 61 Ohio St.3d 624, paragraph one of the syllabus. The distinction drawn by the majority between conduct in the course of employment and conduct arising out of the employment relationship is not valid underBrady. Gessner v. Union, 159 Ohio App.3d 43, 2004-Ohio-5770, at ¶ 37
("the Ohio Supreme Court * * * `conclusively said that employer intentional torts do not arise out of the employment relationship'") (citation omitted).
 {¶ 69} Assuming, arguendo, that R.C. 2744.09(B) does apply to intentional torts, it does not apply to Fleming's cause of action for Defamation since Fleming was not an employee of the School Board at the time Dr. Licate made the allegedly defamatory statements.
 {¶ 70} The undisputed evidence is that Fleming's contract with the School Board terminated in May 2004, two months prior to the alleged defamation. The majority holds *Page 18 
that, since one of the topics at this meeting was the Board's decision to terminate Fleming, a matter that arose from events that occurred during the employment relationship, R.C. 2744.09(B) applies to the Defamation claim.
 {¶ 71} The majority's reasoning does not comport with the actual allegations of the Complaint. Fleming does not allege that Dr. Licate defamed him at the Board meeting, but two days later during an interview for a news program. Moreover, the allegedly defamatory statements had nothing to do with Fleming's termination. When asked why Fleming's employment contract was not renewed, Dr. Licate responded, "I can't comment." It was only when asked about the possibility of future employment, "later on down the road," that Dr. Licate said anything about Fleming. These comments made no reference to Fleming's conduct while employed by the School Board, but only to Fleming's conduct after his termination and the effect this conduct might have on his future employment. No reasonable mind could conclude that Fleming's Defamation claim is that of an "employee * * * aris[ing] out of the employment relationship."
 {¶ 72} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas should be reversed.
[1] The court in Sabulsky explained further that "to hold that intentional tort claims arise out of the employment relationship and, thus, fall within the exception to immunity set forth in R.C. 2744.0[9](B), would frustrate the general statutory purpose of conferring immunity on political subdivisions. `It would render meaningless R.C. 2744.02(B) and 2744.03(A)(2), which provide the exceptions and defenses to immunity for intentional acts committed by an employee of a political subdivision. Moreover, it would require the rejection of a line of Ohio appellate cases that have consistently held political subdivisions immune from intentional-tort claims.'" 2002-Ohio-7275, at ¶ 19 citing Engleman v. Cincinnati Bd. of Edn. (June 22, 2001), 1st Dist. No. C-000597, 2001 Ohio App. LEXIS 2728, at *15. *Page 1